# USDC SCAN INDEX SHEET

















```
BJR    3/5/01    11:12
3:01-CV-00378   BOUCHALEUN V. INS
*1*
*PCSO.*
```



ORIGINAL
FILED
01 MAR -2 PM 3:49

1  JASON I. SER
   California Bar. No. 201816
2  FEDERAL DEFENDERS OF SAN DIEGO, INC.
   225 Broadway, Suite 900
3  San Diego, California 92101-5008
   (619) 234-8467
4
5  Attorneys assisting Petitioners

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OT BOUCHALEUN, [A25-280-398], | Civil Action No. **01 CV 0378 IEG (AJB)** |
| VIREAK KHEM, [A25-316-407], | |
| DINH TRUONG LUU, [A25-386-863], | PETITION FOR WRIT OF HABEAS CORPUS |
| HOANG NGUYEN, [A71-434-966], | |
| TUONG NGUYEN, [A25-269-337], | [28 U.S.C. 2241] |
| KAOTSIA SAELEE, [A25-373-314], | |
| Petitioners, | |
| v. | |
| UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE, AND ADELE FASANO, INS DISTRICT DIRECTOR FOR THE SAN DIEGO DISTRICT, | |
| Respondents. | |

1

## INTRODUCTION

Petitioners Bouchaleun, Khem, Luu, Hoang Nguyen, Tuong Nguyen, and Saelee, respectfully apply to the Court for a Writ of Habeas Corpus to remedy their unlawful detention by Respondents.

Petitioners are in the custody of the Immigration and Naturalization Service ("INS"), and the INS District Director for the San Diego District, Adele Fasano (referred to collectively as "INS"). They are either detained at the INS Processing Center in El Centro, California, at Corrections Corporation of America, an INS contracted detention facility, in San Diego, California, or are under the "docket control" of Respondent in the Southern District of California.

## JURISDICTION AND VENUE

This Court has jurisdiction under 28 U.S.C. § 2241(c)(1) and (3); Art. I., § 9, Cl. 2 of the United States Constitution ("Suspension Clause"); and 28 U.S.C. § 1331, as Petitioners are being unlawfully detained pursuant to the INS's misunderstanding of the provisions of 8 U.S.C. § 1231(a)(6). Moreover, their detention violates the United States Constitution, and laws or treaties enacted or entered into by the United States. See Magana-Pizano v. INS, 152 F.3d 1213 (9th Cir. 1998), amended, 159 F.3d 1217 (9th Cir. 1998) (per curiam), cert. granted, (U.S. Dec. 21, 1998), (No. 98-836), remanded (U.S. Mar. 8, 1999) (No. 98-1011); Goncalves v. Reno, 144 F.2d 110 (1st Cir. 1998), cert. denied,(U.S. Mar. 8, 1999) (No. 98-835). Reno v. American-Arab Anti-Discrimination, __ U.S. __, 119 S.Ct. 936, 943 (1999), makes clear that Petitioners' habeas petition is not barred by 8 U.S.C. § 1252(g).

Venue is proper in this district because Petitioners' removal proceedings were held here and Petitioners are detained here or under the docket control of the INS for the San Diego District. See 28 U.S.C. § 2241 *et. seq.*, and 28 U.S.C. § 1391(e).

//
//
//
//
//

2

**BACKGROUND**

All of the Petitioners are long-time lawful permanent residents of the United States. All of the Petitioners have been ordered removed by the INS as a result of a criminal conviction(s). Because they cannot be removed to their countries of origin, they are being held by the INS based on the INS's misunderstanding of its statutory authority to detain non-removable aliens indefinitely under 8 U.S.C. § 1231(a)(6).

Adele Fasano is the District Director of the San Diego District of the INS and administers the immigration laws on behalf of the United States Attorney General in the federal judicial district for the Southern District of California; as such, she has immediate control and custody of Petitioners.

Petitioners Luu, Hoang Nguyen, and Tuong Nguyen, are Vietnamese nationals who legally entered the United States and resided here as lawful permanent residents. All have been ordered removed to Vietnam and those removal orders are final. See Declaration of Jason I. Ser ("Ser Dec.") at ¶¶ 19.a-19.f, 21. The United States does not have a repatriation agreement with Vietnam. See Ma v. Reno, 208 F.3d 815, 818-19 (9th Cir. 2000), reh'g en banc denied, (June 2, 2000), cert. granted sub nom. Reno v. Ma, 69 U.S.L.W. 3086, 2000 WL 949125 (U.S. Oct. 10, 2000) (No. 00-38); May 5, 2000 Declaration of James G. Hergen ("Hergen Dec.") at ¶¶ 3, 16 (Attached as Exhibit 14 to Ser Dec.).

Petitioners Bouchaleun and Saelee are Laotian nationals who legally entered the United States and resided here as lawful permanent residents. All have been ordered removed to Laos and those removal orders are final. See Ser Dec. at ¶¶ 19.a-19.f, 21. The United States does not have a repatriation agreement with Laos. See Ma, 208 F.3d at 820-21; Hergen Dec. ¶¶ 3, 16.

Petitioner Khem is a Cambodian national who legally entered the United States and resided here as a lawful permanent resident. He has been ordered removed to Cambodia and his removal order is final. See Ser Dec. at ¶¶ 19.a-19.f, 21. The United States does not have a repatriation agreement with Cambodia. See Ma, 208 F.3d at 820-21; Hergen Dec. at ¶¶ 3, 16.

**STATUTORY AND REGULATORY FRAMEWORK**

Section 1231(a)(2) of Title 18 of the United States Code, which was enacted as part of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), amended the Immigration

and Nationality Act and mandated that certain aliens must be detained during a 90-day removal period, which begins when their order of removal becomes final.

Once the 90-day removal period runs, 8 U.S.C. §§ 1231(a)(3) and (a)(6) govern release/detention of an alien under a final order of removal.

Section 1231(a)(3) sets out the appropriate conditions for release of aliens who cannot be deported within the 90-day removal period:

> Supervision after 90-day period. If the alien does not leave or is not removed within the removal period, the alien, pending removal, shall be subject to supervision under regulations prescribed by the Attorney General. The regulations shall include provisions requiring the alien--
> (A) to appear before an immigration officer periodically for identification;
> (B) to submit, if necessary, to a medical and psychiatric examination at the expense of the United States Government;
> (C) to give information under oath about the alien's nationality, circumstances, habits, associations, and activities, and other information the Attorney General considers appropriate; and
> (D) to obey reasonable written restrictions on the alien's conduct or activities that the Attorney General prescribes for the alien.

Section 1231(a)(6) allows the Attorney General to continue to detain certain individuals beyond the 90-day removal period:

> Inadmissible or criminal aliens. An alien ordered removed who is inadmissible under section 212 [8 USCS § 1182], removable under section 237(a)(1)(C), 237(a)(2), or 237(a)(4) [8 USC § 1227(a)(1)(C), (a)(2), or (a)(4)] or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period and, if released, shall be subject to the terms of supervision in paragraph (3).

However, section 1231(a)(6) does not authorize the INS to continue to detain an alien beyond the 90-day removal period if there is "no reasonable likelihood that the alien will be removed in the reasonably foreseeable future." Ma, 208 F.3d at 818.

**RESPONDENT INS'S STATUTORY VIOLATIONS**

The INS's continued detention of Petitioners violates §1231(a)(6) because, given that the United States lacks repatriation agreements with Vietnam, Laos, and Cambodia, and that there is no prospect such agreements will be entered into in the foreseeable future, there is "no reasonable likelihood that the alien[s] will be removed in the reasonably foreseeable future." Id. Therefore, Petitioners must be released under the conditions set out in §1231(a)(3). See Ma, 208 F.3d at 815; see also Chreng, et. al., v. INS, et. al.,

4

1 Case No. 00CV2388-IEG (AJB)(S.D. Cal. Feb. 16, 2001)(Order Granting Petitioners' Writ of Habeas
2 Corpus)(Attached as Exhibit 16 to Ser Dec.); Chaydy, et. al. v. INS, et. al., Case No. 00CV1687-J (JAH)
3 (S.D.Cal. Oct. 5, 2000)(Order Granting Petitioners' Writ of Habeas Corpus)(Attached as Exhibit 9 to Ser
4 Dec.); Aphayavong, et. al. v. INS, et. al., Case No. 00CV0804-J (S.D. Cal. July 5, 2000)(order granting writ
5 of habeas corpus for Cambodian Petitioners)(Attached as Exhibit 7 to Ser Dec.); Aphayavong, et. al. v. INS,
6 et. al., Case No. 00CV0804-J (S.D. Cal. June 23, 2000)(order granting writ of habeas corpus for Vietnamese
7 and Laotian Petitioners)(Attached as Exhibit 8 to Ser Dec.).

## RESPONDENT INS'S CONSTITUTIONAL VIOLATIONS

9      The Fifth Amendment provides that "[n]o person shall be . . . deprived of life, liberty, or
10 property, without due process of law." Removable aliens, even those unlawfully in the United States, are
11 entitled to due process protection. See Matthews v. Diaz, 426 U.S. 67 (1976)("There are literally millions
12 of aliens within the jurisdiction of the United States. The Fifth Amendment, as well as the Fourteenth
13 Amendment, protects every one of these persons from deprivation of life, liberty, or property without due
14 process of law. Even one whose presence in this country is unlawful, involuntary, or transitory is entitled to
15 that constitutional protection.") (citations omitted); Plyler v. Doe, 457 U.S. 202, 210 (1987) ("the Fifth
16 Amendment protects aliens whose presence in this country is unlawful").

17      From a substantive due process perspective, Petitioners' indefinite detention by the INS
18 violates their fundamental liberty interests. See e.g., Phan v. Reno, 56 F. Supp. 1149 (W.D. Wash. 1999),
19 aff'd on other grounds sub nom. Ma v. Reno, 208 F.3d 815 (9th Cir. April 10, 2000), reh'g and reh'd en banc
20 denied (9th Cir. June 2, 2000), petition for cert. filed, 69 USLW 3086 (U.S. Jul. 5, 2000)(No. 00-38); Nguyen
21 v. Fasano, 84 F. Supp. 2d 1099 (S.D. Cal. Feb. 1, 2000); see also Duong v. INS, 118 F.Supp.2d 1059 (S.D.
22 Cal. Mar. 17, 2000).

23      From a procedural due process perspective, the INS procedures for reviewing a non-removable
24 alien's custody status (to decide whether to release that alien, and under what conditions) are constitutionally
25 deficient because they: (1) are not followed; (2) permit detention on the basis of dangerousness alone; (3)
26 place the burden of proof to obtain release upon the detainee; (4) use a fact-finder who is inherently biased
27 and incompetent to make a finding of dangerousness; (5) do not provide for an appropriate hearing; and (6)
28 do not provide for appointment of a competent professional to assist the detainee in the review process. See

1  In Re Indefinite Detention Cases, 82 F. Supp.2d 1098, 1101 (C.D. Cal. Jan. 27, 2000); see also Duong v. INS, 99CV1965-J (S.D. Cal. Mar. 17, 2000).

The substantive provisions of AEDPA and IIRIRA that govern the detention of Petitioners may not, consistent with their terms, and with due process and statutory construction principles, be given retroactive effect in Petitioners' cases.

Petitioners' detention is unconstitutional because it amounts to punishment without Petitioners being afforded basic constitutional criminal procedure protections, and also violates the double jeopardy and *ex post facto* clauses of the Constitution.

Petitioners' detention is unconstitutional because Petitioners are not flight risks and do not present dangers to society.

## REQUESTED RELIEF

Petitioners request that this Court order the INS to release them from custody under the conditions of supervision set out in 8 U.S.C. §1231(a)(3), consistent with the United States Court of Appeals' holding in Ma. 208 F.3d at 822.

Petitioners also request that the Court hold that their detention violates their rights to substantive and procedural due process, and violates the double jeopardy and *ex post facto* clauses of the United States Constitution. On those bases, as well as the statutory basis set out above, Petitioners request that the Court order the INS to release them under the conditions of supervision set out in 8 U.S.C. §1231(a)(3).

Dated:    March 1, 2001

Respectfully Submitted,

JASON I. SER
Attorney
FEDERAL DEFENDERS OF SAN DIEGO, INC.
225 Broadway, Suite 900
San Diego, CA 92101
Telephone: (619)234-8467
Attorneys Assisting Petitioners

6

JS 44
(Rev. 07/89)

# CIVIL COVER SHEET

**ORIGINAL**

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I (a) PLAINTIFFS**

Bouchaleun, et al.
San Diego Detention
PO Box 439049
San Ysidro CA 92143

01 MAR 2 PM 3:48

**DEFENDANTS**

IMMIGRATION AND NATUALIZATION SERVICE
c/o GREGORY A. VEGA, U.S. Attorney
ATTN: Samuel Bettwy____, Assistant U.S. Attorney
880 Front Street
San Diego, CA 92101-8893

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT San Diego
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

'01 CV 0378 IEG (AJB)

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

In Forma Pauperis

ATTORNEYS (IF KNOWN)

GREGORY A. VEGA, U.S. Attorney
Samuel Bettwy, Assistant U.S. Attorney
880 Front Street
San Diego, CA 92101-8893

**II. BASIS OF JURISDICTION** (PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. Section 2241

**V. NATURE OF SUIT** (PLACE AN x IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury—Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury—Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / PERSONAL PROPERTY | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 690 Other | SOCIAL SECURITY | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | LABOR | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability |  / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| REAL PROPERTY | CIVIL RIGHTS / PRISONER PETITIONS | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / Habeas Corpus: | ☐ 790 Other Labor Litigation | FEDERAL TAX SUITS | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / ☒ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights / ☒ 540 Mandamus & Other |  |  | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property |  / ☐ 550 Other |  |  |  |

**VI. ORIGIN** (PLACE AN x IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:** CHECK IF THIS IS A CLASS ACTION ☐ UNDER F.R.C.P. 23   DEMAND $ _____   Check YES only if demanded in complaint:   JURY DEMAND: ☐ YES ☒ NO

**VIII. RELATED CASE(S)** (See instructions): IF ANY  NO   JUDGE _____  DOCKET NUMBER _____

DATE 3-2-01   SIGNATURE OF ATTORNEY OF RECORD _____   69922 #5-0